

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LINDA ATWILL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:04-CV-1343-K |
| | § | |
| STATE FARM LLOYDS, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Supplemental Motion for Summary Judgment. For the following reasons, the Court **GRANTS** the motion.

**A.    Factual Background**

Plaintiff obtained a standard Texas homeowners policy ("Policy") issued by Defendant to insure her home. In November 1999, Plaintiff reported the presence of mold in her master bathroom to Defendant. Three separate claims were ultimately opened by Defendant in relation to the mold present in Plaintiff's house. Defendant paid Plaintiff more than $345,000 under the Policy for the damage. Plaintiff thereafter initiated this lawsuit complaining Defendant was required to pay out three policy limits to Plaintiff because three separate claims had been opened.

ORDER – PAGE 1

B.   **Summary Judgment Standards**

Summary judgment is appropriate when the pleadings, affidavits and other summary judgment evidence show that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 322-25. Once a movant makes a properly supported motion, the burden shifts to the nonmovant to show the existence of a genuine fact issue for trial; but, the nonmovant may not rest upon allegations in the pleadings to make such a showing. *Id.* at 321-25; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255-57(1986). The nonmovant may satisfy this burden by providing depositions, affidavits, and other competent evidence; not with "conclusory allegations, speculation, and unsubstantial assertions." *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc). Neither merely colorable evidence nor a mere scintilla of evidence can defeat a motion for summary judgment. *Anderson*, 477 U.S. at 249-52. All evidence and reasonable inferences must be viewed in the light most favorable to the nonmovant. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

C.   **Analysis**

1.   **Causation**

Defendant argues there is no evidence that Plaintiff suffered damage by a covered loss which has not already been paid. Plaintiff contends that Defendant's own records

ORDER – PAGE 2

establish she suffered three losses from covered perils, and she has not been paid for all three claims.

Assuming without deciding that mold damage is covered under the Policy, Plaintiff has provided no evidence establishing that the mold damage resulted from a covered peril. Applying Texas law, the Fifth Circuit has concluded that an insured bears the burden of establishing that she suffered a loss covered by the insurance policy. *Feiss v. State Farm Lloyds*, 392 F.3d 802, 807 (5th Cir. 2004). If the insurer proves that an exclusion applies, the burden shifts to the insured to establish there is an exception to the exclusion. *Id.* If covered and non-covered perils together cause the loss, the "doctrine of concurrent causes" provides that the insured may recover only the amount of damage caused by the covered peril. *Id.* The insured then bears the burden of providing evidence to "allow the trier of fact to segregate covered losses from non-covered losses." *Id.*

In looking at the record and the competent summary judgment evidence, the Court concludes that the source of the mold is as likely from a covered peril as from a non-covered peril. Defendant presented some evidence that the source of the damage possibly came from an uncovered peril, such as high humidity, roof leak, or improperly maintained HVAC unit. Therefore, the burden shifted to Plaintiff once Defendant provided evidence that an exclusion applied. *See id.* Plaintiff named one expert witness on causation, Greg Upah. Mr. Upah testified in his deposition that he was retained to assess the presence of mold and provide remediation options. The evidence in the record

establishes Mr. Upah never testified in his deposition as to the exact cause of the mold; but, he does testify numerous times that there could have been several sources. He specifically testified that he made no investigation of any water leaks because that was another person's job. He also stated that he was not testifying a particular leak caused the mold, only that water in general caused the mold damage.

In response, Plaintiff argues that the doctrine of estoppel should apply because Defendant's own records establish that the damage was caused by a covered source. Texas law is clear that "estoppel cannot be used to create insurance coverage when none exists by the terms of the policy." *Texas Farmers Ins. Co. v. McGuire*, 744 S.W.2d 601, 602-03 (Tex. 1988). Courts have repeatedly refused to apply the doctrines of estoppel and waiver to "change, re-write and enlarge the risks covered by a policy." *Id.* Plaintiff's argument, therefore, holds no weight with the Court. The Court concludes that Plaintiff failed to present any evidence that the cause of the mold was a covered source.

However, even if Defendant's records could establish for Plaintiff a covered source potentially caused the loss, Plaintiff still could not survive summary judgment. Texas law is clear that if covered and non-covered perils both caused the loss, a plaintiff can recover only the amount of damages caused by the covered peril. *See Feiss*, 392 F.3d at 807. Because Defendant provided competent summary judgment evidence that a non-covered source could also have caused the damage, Plaintiff had the burden of establishing evidence to allow the jury to segregate covered losses from non-covered losses. *See id.* Plaintiff failed to meet this burden. There is absolutely no evidence in

the record as to what damage, if any, was caused by a covered source. Plaintiff's own expert, Mr. Upah, testified in his deposition that he did not attempt to even determine the source of the damage, let alone segregate it. Plaintiff, therefore, also fails on this ground.

Plaintiff has failed to establish that the damage for which she seeks to recover came from a covered peril. Moreover, even if there was some evidence of this, there is no evidence to allow a jury to segregate the loss caused by the covered source versus the non-covered sources identified by Defendant. The Court need not address whether Defendant would have been liable for more than one policy limit.

D.   Conclusion

Because Plaintiff cannot prove causation, her claims against Defendant necessarily fail. Accordingly, the Court **GRANTS** Defendant's Supplemental Motion for Summary Judgment.

**SO ORDERED.**

Signed April 25th, 2006.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE